UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

FRANCIS D'CRUZ

    Plaintiff,

vs.

NCL (BAHAMAS) LTD. A
BERMUDA COMPANY,
d/b/a NORWEIGAN
CRUISE LINE

Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, FRANCIS D'CRUZ, (D'CRUZ) by and through his undersigned counsel, and sues the Defendant, NCL (BAHAMAS) LTD. d/b/a NORWEGIAN CRUISE LINE (NCL) in personam and in support thereof, states as follows:

## GENERAL ALLEGATIONS

1. This is an admiralty and maritime claim with the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. That this is an action in excess of $75,000.00, exclusive of interest and costs.

3. This action is brought under the diversity of citizenship rules of the Federal Rules.

4. That at all times material hereto the Plaintiff, FRANCIS C. D'CRUZ, was a seaman on board the *M/V Norwegian Dawn*, is a citizen of the United States and a resident of the State of Pennsylvania.

5. That at all times material hereto, the Defendant, NCL, was the owner of the *M/V Norwegian Dawn* the employer of the Plaintiff seaman and operator of the vessel..

6. That the Defendant. NCL, had sufficient contacts with the State of Florida to subject it to the jurisdiction of the State and Federal Courts, as it is headquartered in Miami, Florida.

## COUNT I: FOR JONES ACT NEGLIGENCE

Plaintiff reaffirms and realleges each and every allegation as contained in Paragraphs 1 through 6 of this Complaint as if fully stated herein.

7. On or about December 11, 2012, at approximately 5:00 P.M. while in the performance of his duties on board the vessel at sea the Plaintiff exited an elevator on Deck 6 on his way through the casino to the galley. As he stepped from the elevator he slipped on the soapy deck which was being mopped by another crew member, and fell on this soapy deck injuring his left shoulder.

8. At all times material hereto, the Defendant owed the Plaintiff the highest standard of care under the Jones Act, 46 USC 688. It is the Defendant's responsibility to provide the Plaintiff with a reasonably safe vessel, with a safe place to work, to adequately maintain said vessel and to remedy unreasonable defects that the Defendant knew of or in the exercise of reasonable care should have known.

9. On or about December 11, 2012, the Plaintiff suffered a torn rotator cup injury as a result of the negligence of the vessel as follows:

    (a) The Defendant failed to place signs at the elevator to warn him of the danger of slipping.

    (b) In that the master, owners or operators of the vessel failed to provide the

Plaintiff with a reasonably safe ship, appliances, appurtenances and to keep same in a reasonably safe condition.

   (c)  In that the master, owners or operators of the vessel failed to provide a reasonable and safe place for the Plaintiff to work and perform his duties.

   (d)  Failed to maintain said vessel and its equipment appliances in a reasonably safe condition.

   (e)  That said vessel was permitted and allowed to go upon the waters in an unsafe condition and that such condition of said vessel and any and all damage and injuries were done occasioned and occurred with the privity and knowledge of the Defendant, its corporate officers, agents, servants or employees.

   (f)  Defendant and its corporate officers, servants, agents, employees and other persons for whom the Defendants are responsible, failed to take reasonable precautions for the Plaintiff under the circumstances and conditions, which it created, then existing to the knowledge of the Defendant. Said Defendant had actual and constructive notice of unsafe and dangerous conditions.

  10.  As a direct and proximate result of the negligence of the Defendant, its agents or employees, the Plaintiff was caused to suffer severe bodily injury and permanent injuries to his left shoulder is and is totally incapacitated from work, and will in the future be unable to engage in his vocation as a shipboard systems manager, or any other occupation requiring the full use of his body and limbs. As a further direct and proximate result of this injury suffered by the Plaintiff, the Plaintiff has and will suffer pain and mental anguish and has incurred medical expenses for the alleviation of his injuries, suffered a diminishment of earning capacity as well as

lost wages and has lost the enjoyment of leading a normal life, all of which injuries are permanent and continuing in nature.

WHEREFORE, Plaintiff, FRANCIS C. D'CRUZ sues and demands judgment against the Defendant, NCL, for all damage as allowed under the Jones Act 46 USC 688, and for any and other damage that this Court may deem fit and proper, and for a trial by jury.

### COUNT II: FOR GENERAL MARITIME LAW UNSEAWORTHINESS

Plaintiff reaffirms and realleges each and every allegation as contained in numbered paragraphs 1 through 6 as though fully set forth herein.

11. On or about December 11, 2012, at approximately 5:00 P.M. while in the performance of his duties on board the vessel at sea the Plaintiff exited an elevator on Deck 6 on his way through the casino to the galley. As he stepped from the elevator he slipped on the soapy deck which was being mopped by another crew member, and fell on this soapy deck injuring his left shoulder.

12. That at all times material hereto the Defendant owed the Plaintiff the duty to provide a seaworthy vessel and to provide the Plaintiff a safe place to work.

13. On or about December 11, 2012, the Plaintiff suffered a torn rotator cup injury as a result of the unseaworthiness of the vessel as follows:

(a) The Defendant failed to place signs at the elevator to warn him of the danger of slipping.

(b) In that the master, owners or operators of the vessel failed to provide the Plaintiff with a reasonably safe ship, appliances, appurtenances and to keep same in a reasonably safe condition.

(c) In that the master, owners or operators of the vessel failed to provide a reasonable and safe place for the Plaintiff to work and perform his duties.

(d) Failed to maintain said vessel, its equipment, and appliances in a reasonably safe condition.

(e) That said vessel was permitted and allowed to go upon the waters in an unsafe condition and that such condition of said vessel and any and all damage and injuries were done occasioned and occurred with the privity and knowledge of the Defendant, its corporate officers, agents, servants or employees at or prior to the time of the commencement of the voyage.

(f) Defendant and its corporate officers, servants, agents, employees and other persons for whom the Defendants are responsible, failed to take reasonable precautions for the Plaintiff under the circumstances and conditions, which it created, then existing to the knowledge of the Defendant. Said Defendant had actual and constructive notice of unsafe and dangerous conditions.

14. As a direct and proximate result of the unseaworthiness of the vessel Defendant, its agents or employees, the Plaintiff was caused to suffer severe bodily injury and permanent injuries to his left shoulder is and is totally incapacitated from work, and will in the future be unable to engage in his vocation as a shipboard systems manager, or any other occupation requiring the full use of his body and limbs. As a further direct and proximate result of this injury suffered by the Plaintiff, the Plaintiff has and will suffer pain and mental anguish and has incurred medical expenses for the alleviation of his injuries, suffered a diminishment of earning capacity as will as lost wages and has lost the enjoyment of leading a normal life, all of which injuries are permanent and continuing in nature.

WHEREFORE, Plaintiff, FRANCIS C. D'CRUZ sues and demands judgment against the Defendant, NCL, for all damage as allowed under the Jones Act 46 USC 688, and for any and other damage that this Court may deem fit and proper, and for a trial by jury.

### COUNT III: FOR GENERAL MARITIME LAW NEGLIGENCE

Plaintiff reaffirms and realleges each and every allegation as contained in Paragraphs 1 through 6 of this Complaint as if fully stated herein.

15. On or about December 11, 2012, at approximately 5:00 P.M. while in the performance of his duties on board the vessel at sea the Plaintiff exited the elevator on Deck 6 on his way through the casino to the galley. As he stepped from an elevator he slipped on the soapy deck which was being mopped by another crew member, and fell on this soapy deck injuring his left shoulder.

16. That at all times material hereto the Defendant owed the Plaintiff the duty to provide a safe vessel and to provide the Plaintiff a reasonably safe place to work.

17. On or about December 11, 2012, the Plaintiff suffered a torn rotator cup injury as a result of the negligence of the vessel as follows:

(a) The Defendant failed to place signs at the elevator to warn him of the danger of slipping.

(b) In that the master, owners or operators of the vessel failed to provide the Plaintiff with a reasonably safe ship, appliances, appurtenances and to keep same in a reasonably safe condition.

(c) In that the master, owners or operators of the vessel failed to provide a reasonable and safe place for the Plaintiff to work and perform his duties.

(d)     Failed to maintain said vessel and its equipment appliances in a reasonably safe condition.

(e)     That said vessel was permitted and allowed to go upon the waters in an unsafe condition and that such condition of said vessel and any and all damage and injuries were done occasioned and occurred with the privity and knowledge of the Defendant, its corporate officers, agents, servants or employees.

(f)     Defendant and its corporate officers, servants, agents, employees and other persons for whom the Defendants are responsible, failed to take reasonable precautions for the Plaintiff under the circumstances and conditions, which it created, then existing to the knowledge of the Defendant.  Said Defendant had actual and constructive notice of unsafe and dangerous conditions.

18.     As a direct and proximate result of the negligence of the Defendant, its agents or employees, the Plaintiff was caused to suffer severe bodily injury and permanent injuries to his left shoulder is and is totally incapacitated from work, and will in the future be unable to engage in his vocation as a shipboard systems manager, or any other occupation requiring the full use of his body and limbs.  As a further direct and proximate result of this injury suffered by the Plaintiff, the Plaintiff has and will suffer pain and mental anguish and has incurred medical expenses for the alleviation of his injuries, suffered a diminishment of earning capacity as will as lost wages and has lost the enjoyment of leading a normal life, all of which injuries are permanent and continuing in nature.

WHEREFORE, Plaintiff, FRANCIS C. D'CRUZ sues and demands judgment against the Defendant, NCL, for all damage as allowed under general maritime law, and for any and other damage that this Court may deem fit and proper, and for a trial by jury.

## COUNT IV: WRONGFUL SUPPLY OF MAINTENANCE AND CURE

Plaintiff reaffirms and re-alleges each and every allegation as contained in numbered paragraphs 1 through 6, as though fully set forth herein.

19. On or about December 11, 2012, while on board the *M/V Norwegian Dawn*, at sea, Plaintiff, while in the course and scope of his employment with the Defendant and in the performance of his duties injured his left shoulder.

20. Plaintiff has not been given proper cure, and has not been given the sums needed to protect himself from the injury he suffered on board the *M/V Norwegian Dawn* while on board as a seaman.

21. The Defendant, through its agents, servants and/or employees, arbitrarily, capriciously, willfully and in bad faith did not take all reasonable steps to provide proper maintenance and cure.

22. The Defendant, through its agents, servants and/or employees, acted in a callous and recalcitrant manner depriving the Plaintiff of needed medical treatment, which aggravated his already serious injury. During this period of time, while the Plaintiff was working on the ship, NCL did not send the Plaintiff for needed medical care, giving him only pain killers. Then, later delaying his needed surgery by saying it was not covered as Plaintiff had left NCL's employ. All of this delay caused the Plaintiff to develop osteoarthritis in his left shoulder further aggravating his shoulder injury and future recovery.

23. Defendant's failure to supply Plaintiff with proper cure is willful, arbitrary, capricious, and in callous disregard for Plaintiff's rights as a seaman.

**WHEREFORE,** Plaintiff, sues and demands judgment against the Defendant, for maintenance and cure, attorneys' fees, and costs for the wrongful denial of maintenance and cure,

punitive damage, and for any other damage this Court may deem just and proper, including compensatory damage, pre-judgment interest, and a trial by jury.

## COUNT VI: RETALIATORY DISCHARGE

Plaintiff reaffirms and re-alleges each and every allegation as contained in numbered paragraphs 1 through 6, as though fully set forth herein.

24. On or about December 11, 2012, at approximately 5:00 P.M. while in the performance of his duties on board the vessel at sea the Plaintiff exited the elevator on Deck 6 on his way through the casino to the galley. As he stepped from the elevator he slipped on the soapy deck which was being mopped by another crew member, and fell on this soapy deck injuring his left shoulder.

25. NCL delayed sending the Plaintiff for treatment for over a year while knowing of this condition, and at the end of that period discharged him because of his injury without any reasonable cause.

WHEREFORE, Plaintiff demands judgment against the Defendant for damages, pre-judgment interest and costs, and demands a trial by jury.

DATED this 21st day of January, 2015.

MARITIME INJURY LAW CENTER, P.A.
*Counsel for the Plaintiff*
601 South Ocean Drive
Hollywood, Florida 33019
Phone: (954) 922-9100
Fax: (954) 922-9176

By: */s/ Paul J. Ansel, Esq.*
PAUL J. ANSEL, ESQ.
Florida Bar No: 119371
admiraltylawyer@bellsouth.net

9