## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 1:15-cv-20240-KING

FRANCIS D'CRUZ,

      Plaintiff,

vs.

NCL (BAHAMAS) LTD.,
A BERMUDA COMPANY,
D/B/A NORWEIGAN CRUISE LINE,

      Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND COMPEL ARBITRATION

THIS CAUSE comes before the Court upon Defendant NCL's Motion to Dismiss and Compel Arbitration (DE 6). Plaintiff D'Cruz is a United States citizen who worked as a systems manager in the IT department on the *M/S Norwegian Dawn*. He brings this action for damages against NCL—also a U.S. citizen—for personal injuries allegedly sustained while in the performance of his duties in December 2012.[1]

NCL argues that all of D'Cruz's claims must be compelled to arbitration under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the Convention"). *See* 9 U.S.C. § 201–208. D'Cruz's employment contract requires arbitration of "any and all claims, grievances, and disputes of any kind whatsoever relating to or in any way connected with the Seaman's shipboard employment with Company including, but not

---

[1] D'Cruz alleges five counts: (1) Jones Act negligence; (2) general maritime law unseaworthiness; (3) general maritime law negligence; (4) wrongful supply of maintenance and cure; and (5) retaliatory discharge.

limited to, claims such as personal injuries, Jones Act claims, actions for maintenance and cure, un-seaworthiness, wages, or otherwise, no matter how described, pleaded or styled." DE 6-1, at 6.[2] All of Plaintiff's claims are encompassed under the arbitration agreement because they relate to the slip-and-fall incident that Plaintiff alleges occurred "while in the performance of his duties." DE 1, at 2 ¶ 7. *See Rutledge v. NCL (Bahamas) Ltd.*, No. 14-23682, 2015 WL 458133, at *4 (S.D. Fla. Feb. 3, 2015).

"In deciding a motion to compel arbitration under the Convention Act, a court conducts "a very limited inquiry.' . . . A district court must order arbitration unless (1) the four jurisdictional prerequisites are not met . . . or (2) one of the Convention's affirmative defenses applies." *Bautista v. Star Cruises*, 396 F.3d 1289, 1294–95 (11th Cir. 2005) (footnote omitted). The parties dispute only the fourth jurisdictional prerequisite—namely, that where an agreement arises out of "a relationship which is entirely between citizens of the United States," the relationship must involve property located abroad, envisage performance or enforcement abroad, or have some other reasonable relation with one or more foreign states. *See id.* at 1294 n.7; 9 U.S.C. § 202.

D'Cruz acknowledges that he performed services "onboard a ship at sea," and that "all of his duties were performed aboard the vessel, which called on many ports." Yet he seeks to escape from the Convention—and therefore arbitration—based on the fact that he performed his duties solely on the ship, and not in any foreign states. D'Cruz relies on *Matabang v. Carnival Corp.*, 630 F. Supp. 2d 1361 (S.D. Fla. 2009) (Hoeveler, J.), and the

---

[2] The contract further provides that the place of the arbitration "shall be the Seaman's country of citizenship . . . . The substantive law to be applied to the arbitration shall be the law of the flag state of the vessel." *Id.*

cases following it.[3] This Court thinks the better analysis is as expressed in *Odom v. Celebrity Cruises, Inc.*, No. 10-cv-23086, 2011 WL 10636151, at *2 (S.D. Fla. Feb. 23, 2011) (Jordan, J.). (Plaintiff's "performances—the reason for which he was hired—were to be performed primarily outside of the United States," and therefore his relationship with his employer envisaged performance "abroad" under the Convention.). D'Cruz cannot escape the language of the statute, which employs the broad term "abroad." If the legislature wished to limit the applicability of the Convention to those instances where the relationship envisaged performance in foreign states, it knew how to do so. *See* (9 U.S.C. § 202) ("or have some other reasonable relationship with one or more foreign states.").

Therefore, it is **ORDERED, ADJUDGED, and DECREED**:

1. Defendant NCL's Motion to Dismiss and Compel Arbitration **(DE 6)** is hereby **GRANTED**.

2. Plaintiff's claims are hereby **COMPELLED TO ARBITRATION** pursuant to the terms of the parties' written agreement (*See* DE 6-1).

3. The Clerk shall **CLOSE** this case.

4. The Court **RETAINS** jurisdiction for the enforcement of any arbitral award, if appropriate.

---

[3] *See Armstrong v. NCL (Bahamas) Ltd.*, 998 F. Supp. 2d 1335 (S.D. Fla. 2013); *Smith-Varga v. Royal Caribbean Cruises, Ltd.*, No. 8:13-cv-00198, 2013 WL 3119471 (M.D. Fla. June 18, 2013); *Hines v. Carnival Corp.*, No. 11-cv-20862, 2012 WL 1744843 (S.D. Fla. Mar. 30, 2012).

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 30th day of March, 2015.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:   All Counsel of Record

4